MAHALE FLANERY, Respondent, v. ST. LOUIS AND SAN FRANCISCO RAILROAD COMPANY, Appellant.

**Kansas City Court of Appeals, March 2, 1908.**

1. **RAILROADS: Killing Stock: Defective Crossing: Evidence: Instruction: Notice.** The evidence relating to the defective condition of a crossing is held insufficient to send that question to the jury since it shows no notice-to the company.

2. ———: ———: ———: ———: Care. *Held*, that the evidence of the driver's care in approaching a railroad crossing was sufficient to send the question to the jury, as also the questions of sounding the whistle and ringing the bell.

3. ———: ———: ———: ———: Ownership. Evidence relating to the ownership of the injured horse is held sufficient to send the question to the jury and warrant a liberal construction to support that finding.

Appeal from Jasper Circuit Court.—*Hon. Howard Gray*, Judge.

AFFIRMED.

*L. F. Parker, Woodruff & Mann* and *W. F. Evans* for appellant.

(1) There was no evidence that plaintiff owned the mare and buggy, to recover the value of which this suit was brought, all the evidence on the question of ownership being to the effect that this mare and buggy belonged to James Flanery, the husband of plaintiff. Turner v. Railroad, 76 Mo. 261; Alexander v. Railroad, 76 Mo. 494. (2) Because there was no evidence that the railroad crossing in question was in the defective condition alleged in the petition with the knowledge of defendant. Nixon v. Railroad, 141 Mo. 425; Rutledge v. Railroad, 78 Mo. 286; Case v. Railroad, 75 Mo. 668; Clardy v. Railway, 73 Mo. 576; Railroad v. Kavanaugh, 163 Mo. 54; Hax v. Railway, 123 Mo. App. 177. (3) And the law presumes that such railroad crossing was

originally constructed of proper materials and in a proper manner. Hax v. Railway, 123 Mo. App. 178; McCallister v. Ross, 155 Mo. 94. (4) Because there was nothing to show that the defective condition of the crossing was the proximate cause of the collision. Brick Company v. Railroad, 17 Mo. App. 624; Harlan v. Railroad, 18 Mo. App. 483; Lowry v. Railroad, 40 Mo. App. 554. (5) Because the evidence of plaintiff clearly shows that the collision was not caused by the failure to whistle and ring, but by the contributory negligence of the driver, Mallory Bass. Hook v. Railway, 162 Mo. 569; Kelsay v. Railway, 129 Mo. 362; Hayden v. Railroad, 124 Mo. 566; Payne v. Railroad, 136 Mo. 562.

*F. L. Farlow* for respondent.

BROADDUS, P. J.—This suit was begun before a justice of the peace, where it was tried and appealed to the circuit court where plaintiff obtained a judgment from which defendant appealed. The facts are that on the 4th of April, 1905, a horse and buggy alleged to be the property of the plaintiff was struck by defendant's locomotive at a public road crossing, and the horse killed, and the buggy and harness damaged.

At the place where the collision occurred, a public road runs north and south; the railroad track of defendant, west of the public road, runs from the northwest to the southeast. At a distance of from thirty to one hundred feet west of this crossing, the railroad curves and crosses the public road nearly due east and west. About sixty feet south of the railroad an electric car runs east and west.

The horse was being driven by a boy of eighteen years named Bass, who had hired it for the occasion. With him was another boy of about the same age, who

has since died. The driver had been over this road two or three times previously and knew of the location of the crossing and that of the street car line. He stated that it was in the night time and that he was driving in a walk; that he saw a light approaching at which time he was right at the crossing, but that he thought it was the light of an electric car, but discovered just as the horse got onto the track that it was that of the railroad train; and that he at once attempted to pull the horse back, but it seemed that she could not move backward and the locomotive struck her almost instantly. The evidence tended to show that the bell was not rung nor the whistle sounded on the approaching train.

The husband of plaintiff testified that his wife was in the livery business and that he was conducting it for her. He was asked: "How long have you been in the business?" He answered: "I guess about ten or twelve years." He then was asked: "How long have you owned the horse?" He answered: "Five years."

There was evidence that a plank was missing in defendant's crossing and that the left foot of the horse was cut off at the ankle and the shoe to that foot was not to be found. The missing plank was just inside of the rail, which would leave a depression there of about four inches. There was no evidence as to the length of time the crossing had been defective.

The court submitted instructions to the jury on two grounds of negligence alleged, viz.: Failure of defendant to ring the bell or sound the whistle as it approached the crossing; and the failure of defendant to maintain the crossing at the public highway in a reasonably safe condition. There was no evidence to authorize a recovery on the last named theory, as it was not shown that defendant had notice of such defect or of the length of time it had been in such condition.

[Nixon v. Railway, 141 Mo. 425; Railway v. Kavanaugh, 163 Mo. 54.]

Objection is made to instruction numbered one given at the instance of the plaintiff, on the ground that it assumes that the driver of the buggy was exercising ordinary care while approaching said crossing, but we do not think it is subject to that objection. And we think the plaintiff made a sufficient showing authorizing a submission of her case to the jury on the ground of the failure of defendant to ring the bell or sound the whistle.

It is claimed there is no proof of plaintiff's ownership of the property, but we think there was. It was somewhat indefinite but the plaintiff is entitled to a liberal construction of the testimony as to that matter, and the jury might fairly infer from the evidence that she was such owner, in the absence of contradictory evidence. For the error noted the cause is reversed and remanded. All concur.